UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Bishop Frank BEST,

                                  Plaintiff,

             -against-

A.C.S., et al.,

                               Defendants.
-----------------------------------------------------------------X

12-CV-07874 (RJS)(SN)

**REPORT & RECOMMENDATION**

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE RICHARD J. SULLIVAN:**

On October 22, 2012, *pro se* plaintiff Bishop Frank Best ("Best") filed this action alleging that defendants improperly removed his children from his custody and requesting their return. (Docket Number ("Doc. No.") 2.) On January 25, 2013, this case was referred to my docket for general pretrial supervision and dispositive motions requiring a report and recommendation. (Doc. No. 14.)

On January 29, 2013, Best filed a proposed Order to Show Cause, (Doc No. 16), and letter, (Doc. No. 17), requesting that a preliminary injunction be issued to restore his weekend visitation rights and to "stop[] injury to [his] children," (Doc. No. 16). On January 31, 2013, the Court ordered defendants to respond to Best's application. (Doc. No. 19.) By February 7, 2013, defendants had timely filed their responses. (See Doc. Nos. 25, 28, 30.) On February 15, 2013, Best filed his reply. (Doc. No. 34.)

Because I find that Best cannot meet the demanding standard for issuing a preliminary injunction, I recommend that his request be DENIED.

**I.      Statement of Law**

To obtain preliminary injunctive relief in a federal case, a plaintiff generally must establish "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." <u>Christian Louboutin S.A. v. Yves Saint Laurent Am. Holdings, Inc.</u>, 696 F.3d 206, 215 (2d Cir. 2012). "When . . . the moving party seeks a preliminary injunction that will affect government action taken in the public interest pursuant to a statutory or regulatory scheme, the injunction should be granted only if the moving party meets the more rigorous likelihood-of-success standard." <u>Metro. Taxicab Bd. of Trade v. City of New York</u>, 615 F.3d 152, 156 (2d Cir. 2010) (internal quotation marks and citation omitted).

**II.     <u>Younger</u> Abstention Doctrine**

Defendants argue that the application of the <u>Younger</u> abstention doctrine prevents Best from establishing a likelihood of success on the merits. They are correct.

In <u>Younger v. Harris</u>, 401 U.S. 37 (1971), the Supreme Court held that "a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment or irreparable injury that is both serious and immediate." <u>Gibson v. Berryhill</u>, 411 U.S. 564, 573–74 (1973). The "cost, anxiety, and inconvenience of having to defend against a single criminal prosecution" does not constitute the necessary type of irreparable injury. <u>Huffman v. Pursue, Ltd.</u>, 420 U.S. 592, 601–02 (1975) (internal quotation marks and citation omitted). More recently, the Supreme Court explained that "[t]he policies underlying <u>Younger</u> are fully applicable to noncriminal judicial proceedings when important state interests are involved." <u>Middlesex County Ethics Comm. v. Garden State Bar Ass'n.</u>, 457

U.S. 423, 432 (1982). Therefore, "unless state law clearly bars the interposition of the constitutional claims," and "so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain." Id. at 432, 435 (internal quotation marks and citation omitted); accord Younger, 401 U.S. at 54.

Under Younger, abstention is mandatory, and therefore a federal court should not act, when "(1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 100-01 (2d Cir. 2004) (citation omitted).

Here, the three conditions necessary to establish Younger abstention are plainly satisfied. First, it is undisputed that there is an ongoing state proceeding in Queens Family Court. See Andujar v. City of New York, 11 Civ. 5466 (RJS), 2012 WL 5177515, at *4 (S.D.N.Y. Oct. 16, 2012) (finding first Younger condition satisfied when there was "an ongoing state proceeding, which the federal action could influence").

Second, the ongoing proceeding is over child custody rights. Questions of family relations, especially when issues of custody are involved, are traditionally an area of state concern. See Ray v. Paterson, 08 Civ. 3485 (PKC), 2008 WL 1752244, at *1 (S.D.N.Y. Apr. 14, 2008) ("interest of the state . . . in the . . . enforcement of its child custody laws is strong"); see also Reinhardt v. Commonwealth of Mass. Dep't of Social Servs., 715 F. Supp. 1253, 1256 (S.D.N.Y. 1989) (citing Moore v. Sims, 442 U.S. 415, 435 (1979)).

Third, the ongoing state proceeding affords Best an adequate opportunity for judicial review of his federal constitutional claims. In considering this prong, the "relevant question

3

under Younger is whether the state's procedural remedies <u>could</u> provide the relief sought[, not] . . . whether the state <u>will</u> provide the constitutional ruling which the plaintiff seeks." Andujar, 2012 WL 5177515, at *5 (emphasis in original) (quoting Spargo v. New York State Comm'n on Judicial Conduct, 351 F.3d 65, 79 (2d Cir. 2003)). Here, Best seeks the resumption of visitation with his children. (See Doc. No. 16.) Likewise, in the state proceeding, Best has sought an order "restoring [his] visits with the subject children or granting the father a hearing regarding the issues addressed in the report issued by Lutheran Services alleging [sic] which led to the father's visits being modified to agency supervised visits only." (Declaration of Carolyn Kruk, Ex. F at Doc. No. 26.) Best has had an opportunity in the state proceeding, therefore, to raise the constitutional issues that are the subject of this preliminary injunction motion.[1] See Donkor v. City of New York Human Res. Admin. Special Servs. for Children, 673 F. Supp. 1221, 1227 (S.D.N.Y. 1987) ("[Plaintiffs'] failure to avail themselves of the state courts to contest the denial of their application for the return of their children should not give them access to federal court to obtain injunctive relief" in § 1983 suit.) (citations omitted); Thomas v. New York City, 814 F. Supp. 1139, 1150 (E.D.N.Y. 1993) (finding plaintiff could raise federal constitutional claims in state court custody proceeding).

Best's request in his complaint for monetary damages does not change this analysis. (See Compl. at 5.) The Court of Appeals for the Second Circuit has held that the "application of the Younger doctrine is inappropriate where the litigant seeks money damages for an alleged violation of § 1983." Rivers v. McLeod, 252 F.3d 99, 101-02 (2d Cir. 2001) (citation omitted). But in denying Best's motion for preliminary relief, the Court need not opine on his claim for

---

[1] After inquiring with the Queens Family Court, it appears that Best's motion for an order restoring his visiting rights was denied. But Younger abstention applies even if the state court finds against the party bringing suit in federal court. See Andujar, 2012 WL 5177515, at *5 ("for a federal court to abstain, it need not find that the state court will rule . . . in [p]laintiff's favor"). Moreover, although Best's state court motion was denied, the proceeding itself still is ongoing.

damages. Rather, the Court decides only the narrow question of whether Best's preliminary injunction should be denied because of Younger abstention. In cases where plaintiffs seek § 1983 injunctive relief, Younger abstention can appropriately be applied.[2] Morpurgo v. Inc. Vill. of Sag Harbor, 327 F. App'x 284, 286 (2d Cir. 2009) (summary order finding that "insofar as plaintiff was seeking injunctive relief, the District Court properly found that the three Younger factors were met and accordingly properly abstained from exercising jurisdiction"); Novie v. Vill. of Montebello, 10 Civ. 9436 (CS), 2012 WL 3542222, at *14 (S.D.N.Y. Aug. 16, 2012) (finding Younger abstention was "appropriate as to all of Plaintiffs' [§ 1983] claims that are also raised in the state proceeding").

Finally, Best has not met his burden of establishing the applicability of an exception to the Younger abstention doctrine. See Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002) ("a plaintiff who seeks to head off Younger abstention bears the burden of establishing that one of the exceptions applies"). Best has not demonstrated, or even alleged, "that the state court proceedings, which were initiated by [Best], are being conducted in bad faith or that the challenged determinations regarding custody, visitation, and parental rights are patently unconstitutional, or that other extraordinary circumstances exist which pose great, immediate, and irreparable harm to plaintiffs." Thomas, 814 F. Supp. at 1150 (collecting cases).

## CONCLUSION

Because Best cannot establish a likelihood of success on the merits, I recommend that his request for preliminary injunctive relief be DENIED.

---

[2] The Court assumes, *arguendo*, that Best's complaint can be construed as brought under 42 U.S.C. § 1983.

5

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS
## TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Richard J. Sullivan at the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Sullivan. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:  New York, New York
        February 20, 2013

cc:     Bishop Frank Best
        131-19 Farmers Blvd
        Queens, NY 11434