UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
**Bishop Frank BEST,**

              **Plaintiff,**

           -against-

**A.C.S., et al.,**

              **Defendants.**
-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/25/2013

**12-CV-07874 (RJS)(SN)**

**OPINION AND ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

    By letter dated March 21, 2013, *pro se* plaintiff Bishop Frank Best moves the Court to grant his request for *pro bono* counsel. For the reasons set forth below, the motion is denied without prejudice.

    A federal judge has "broad discretion" when deciding whether to appoint counsel to an indigent litigant. Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986); see Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). "There is no requirement that an indigent litigant be appointed *pro bono* counsel in civil matters." Burgos, 14 F.3d at 789; 28 U.S.C. § 1915(e).

    The factors to be considered in ruling on a motion for *pro bono* counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Of these, "the factor which command[s] the most attention [is] the merits." Indeed:

        [c]ourts do not perform a useful service if they appoint a volunteer lawyer to a
        case which a private lawyer would not take if it were brought to his or her

attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Id,

Here, Best filed this action, seemingly pursuant to 42 U.S.C. §1983, alleging that defendants improperly removed his children from his custody and requesting their return. The merits of Best's case are not so apparent as to warrant the appointment of counsel. It is clear, moreover, that Best's search to obtain counsel has not been exhaustive.

Accordingly, the Court denies Best's application without prejudice and leave to renew after the Court has ruled on defendants' anticipated motion to dismiss.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         March 25, 2013

cc:      Bishop Frank Best
         131-19 Farmers Blvd
         Queens, NY 11434