UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BISHOP FRANK BEST,

                    Plaintiff,

-v-

CITY OF NEW YORK et al.,

                    Defendants.

No. 12 Civ. 07874 (RJS)(SN)
ORDER ADOPTING REPORT AND
RECOMMENDATION

RICHARD J. SULLIVAN, District Judge:

    Plaintiff, proceeding *pro se*, initiated this action on October 22, 2012, alleging that the Administration for Children's Services ("A.C.S.") improperly removed his children from his custody and requesting their return.[1] On January 25, 2013, this matter was referred to the Honorable Sarah Netburn, Magistrate Judge, for general pretrial supervision and dispositive motions requiring a report and recommendation. (Doc. No. 14.) On January 29, 2013, Plaintiff filed a proposed Order to Show Cause and letter requesting that the Court issue a preliminary injunction granting him weekend visitation rights. (Doc. Nos. 16, 17.) All three Defendants submitted their opposition to Plaintiff's motion (Doc. Nos. 25, 38, 30), and Plaintiff thereafter submitted a reply (Doc. No. 34). On February 20, 2013, Judge Netburn issued a Report and Recommendation (the "Report") recommending that Plaintiff's motion for a preliminary injunction be denied. (Doc. No. 40.)

    The Report explained that there is currently a case pending in the New York State Family Court for Queens County ("Family Court") concerning the same custody issues presented in this

---

[1] The Complaint initially named three Defendants: A.C.S., Lutheran Social Services, and Episcopal Social Services. (Doc. No. 2.) Plaintiff's reason for including the latter two Defendants is not entirely clear, but it appears that these entities either cared for or had custody over Plaintiff's children at various times. In a decision dated November 27, 2012, the Court ordered that the claims against A.C.S. be dismissed and the City of New York be added as a defendant. (Doc. No. 6.)

lawsuit, thus triggering the *Younger* abstention doctrine, *see Younger v. Harris*, 401 U.S. 37 (1971), and because Plaintiff is unable to establish an exception to this doctrine, the request to this Court for a preliminary injunction should be denied. The Report also advised the parties on the procedure and deadline for filing an objection to the Report.

Plaintiff sent a two-page, handwritten letter to the Court, dated February 27, 2013. (Doc. No. 43.) Although Plaintiff's letter is sometimes hard to follow, the letter basically recites the following: Plaintiff made a request to have his daytime and weekend visits returned to him and Defendants did not provide any reason for this not to be done; he has been observed for two years without problems; he received the clinical attention ordered by the Family Court Judge; he objects to the adjournments granted (presumably in the Family Court proceeding); and he requested that he be provided a lawyer. The letter neither specifically mentions the Report issued by Judge Netburn nor references the analysis in the Report, such as the abstention doctrine upon which the Report's recommendation is based.

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. *See* Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). A court may accept those portions of a magistrate judge's report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (citing Fed. R. Civ. P. 72(b) and *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A magistrate judge's decision is "clearly erroneous" only if the district court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

To the extent that a party raises specific objections to a magistrate judge's findings, the Court must undertake *de novo* review of such objections. *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). However, where a party's objections to a report and recommendation are "conclusory or general," or "simply reiterate[] [the party's] original arguments," the report should be reviewed only for clear error. *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (quoting *Barratt v. Joie*, No. 96 Civ. 0324 (LTS) (THK), 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)); *accord Cartagena v. Connelly*, No. 06 Civ. 2047 (LTS) (GWG), 2008 WL 2169659, at *1 (S.D.N.Y. May 23, 2008).

To the extent that Plaintiff's letter dated February 27, 2013 is construed as an objection to the Report, the objection is neither specific nor non-conclusory. Therefore, the Court reviews the Report's recommendation for clear error. After reviewing the record, the Court finds that Judge Netburn's well-reasoned Report is not facially erroneous. Accordingly, the Court adopts the Report in its entirety and, for the reasons set forth therein, DENIES Plaintiff's motion for a preliminary injunction concerning his visitation rights. Because Plaintiff's request was never docketed as a "Motion" on ECF, there is no motion to terminate. Nonetheless, the Clerk of the Court is respectfully requested to note that this Order disposes of the request for a preliminary injunction made by Plaintiff at Doc. Nos. 16 and 17.

SO ORDERED.

Dated:     April 10, 2013
          New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

3

CC:  Bishop Frank Best
     131-19 Farmers Blvd.
     Queens, NY  11434

4