USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/21/13 _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

BISHOP FRANK BEST,                                      12-CV-07874 (RJS) (SN)

<u>REPORT AND</u>
                         Plaintiff,          <u>RECOMMENDATION</u>

       -against-

CITY OF NEW YORK; LUTHERAN SOCIAL
SERVICES; EPISCOPAL SOCIAL SERVICES;
and TERESA JOHNSON,
                                    Defendants.
------------------------------------------------------------------X

SARAH NETBURN, United States Magistrate Judge:

TO THE HONORABLE RICHARD J. SULLIVAN:

       *Pro se* plaintiff Bishop Frank Best brings this action raising claims under 42 U.S.C.

§ 1983. He alleges that his constitutional rights were violated when he was coerced into ceding

custody of his minor children to the New York City Administration for Children's Services

("ACS"). He also alleges that he was unlawfully arrested at his residence without a warrant by

members of the New York City Police Department ("NYPD"). Best seeks monetary damages

and *habeas corpus* and/or injunctive relief returning his children to his custody. He also seeks

declaratory relief from this Court holding that rulings in an ongoing custody proceeding in the

New York Family Court, Queens County, in which he is a respondent, violated his constitutional

rights. Finally, he seeks declaratory relief from this Court holding that the NYPD violated his

constitutional rights in connection with a 2008 arrest.

       Best is suing (1) the City of New York (the "City") (ACS and the NYPD are agencies of

the City); (2) Lutheran Social Services ("LSS"), a private foster care agency; (3) Episcopal

Social Services ("ESS"), a private foster care agency; and (4) Teresa Johnson, an ACS

caseworker. The City and Johnson (the "City defendants") have moved to dismiss Best's claims against them for failure to state a claim on which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure and, in the alternative, on abstention grounds and on qualified immunity. LSS has moved to dismiss Best's claims against it for lack of subject matter jurisdiction, on abstention grounds and for failure to state a claim on which relief may be granted under Rule 12(b)(1) and (b)(6), and also, or alternatively, for a judgment on the pleadings under Rule 12(c). ESS has moved to dismiss Best's claims against it on abstention grounds or for failure to state a claim on which relief may be granted under Rule 12(b)(1) and (b)(6), and also, or alternatively, for a judgment on the pleadings under Rule 12(c).

For the following reasons, I recommend that LSS's motion be granted in part and denied in part, and that the claims against it be dismissed in their entirety. I also recommend that ESS's and the City defendants' motions be granted, and that the claims against those defendants be dismissed in their entirety as well.

## FACTUAL BACKGROUND

The following facts are assumed to be true for the purposes of the motions being considered. On November 18, 2008, two NYPD police officers entered Best's home in Queens County, New York, without a warrant and arrested him. Best was not advised of his <u>Miranda</u> rights and was detained for 21 days on a prison boat before being released.

On December 21, 2009, ACS caseworker Teresa Johnson called Best to her office, where she "t[h]reatened to take the children of Plaintiff if he didn't sign a removal form." (Am. Compl. ¶ 3.) Best alleges that he signed the removal form "under duress," after which his minor children were placed into ACS custody. (<u>Id</u>.) On December 22, 2009, a custody proceeding was held in

2

the New York State Family Court (the "Family Court"). The Family Court ordered that the

children remain in ACS custody, that Best attend parenting and domestic violence prevention

classes, and that Best be examined by a psychologist. The Family Court further ordered that Best

may visit his children for two hours, three times a week, under supervision and that his children

would be released to his custody on October 23, 2011. Despite this order, Best has not yet been

allowed to resume custody of his children. Best states that he has been examined by five

psychologists and all have "cleared him as fit to take custody of his children." (Id. ¶ 6.) Although

listed in the caption, he makes no allegations related to ESS or LSS in his amended complaint.

## PROCEDURAL BACKGROUND

Best filed his complaint on October 22, 2012. On January 25, 2013, the Honorable

Richard J. Sullivan referred this action to a magistrate judge for general pretrial supervision and

dispositive motions requiring a report and recommendation. ESS filed its answer on February 5,

2013, and on February 13, 2013, it filed an amended answer. On February 15, 2013, LSS filed its

answer, and on February 20, 2013, the City filed its answer.[1]

Following a March 21, 2013 initial pretrial conference, the Court granted Best leave to

file an amended complaint by April 5, 2013. Best was also directed to inform the Court

whenever a new Family Court proceeding took place and provide the Court with any new Family

Court decisions. On April 5, 2013, Best filed an amended complaint, naming the City, ACS, the

NYPD, LSS and ESS as defendants. In this pleading, Best alleged that the foster care parent

contracted by ESS was abusive to his children, and that an ESS employee's statements resulted

---

[1] The only municipal entity named in Best's original complaint was ACS. Johnson was not named as a
defendant in Best's original complaint. By order dated November 27, 2012, Judge Sullivan dismissed
Best's claims against ACS and substituted the City for that defendant pursuant to Rule 21 of the Federal
Rules of Civil Procedure.

in the Family Court violating his rights. Best alleged that LSS lied in order to keep Best from his children. Best also alleges that on May 29, 2012, he attended a meeting with LSS medical staff to investigate how his daughter was burned while in foster custody. This pleading is the first in which Best has made specific allegations as to both ESS and LSS.

On April 8, 2013, the Court directed that Best's April 5 amended complaint was better understood as a supplemental pleading brought under Federal Rule of Civil Procedure 15(d) and directed the Clerk of Court to alter the docket to reflect that. On May 3, 2013, the defendants filed their motions to dismiss and/or for judgment on the pleadings.

On May 15, 2013, Best filed another amended complaint – designated an "Amended Complaint Habeas Corpus" – naming ACS, the NYPD, LSS, ESS and Johnson as defendants. By Order dated May 21, 2013, the Court recommended that ACS and the NYPD be dismissed and that the City be substituted for those defendants.[2] The Court further directed that the City, LSS and ESS advise the Court by June 3, 2013, whether their respective motions adequately addressed the claims raised in Best's amended complaint or whether they wished the Court to set a new briefing schedule. On May 24, 2013, Best filed an "answer to motion," or what can be construed to be his opposition to the defendants' May 3 motions.

In an Order dated June 4, 2013, the Court noted that the City requested permission to file a new motion to dismiss, while ESS and LSS stated that they believed that their previously filed motions effectively addressed both the current and earlier pleadings, rendering additional briefing unnecessary. Accordingly, LSS and ESS filed reply briefs on June 17 and June 18, 2013,

---

[2] On May 22, 2013, Judge Sullivan dismissed Best's claims in his amended complaint against the ACS and the NYPD, and directed that the City of New York be substituted for those defendants.

4

respectively. The City filed its motion to dismiss on July 3, 2013, which Best opposed on August 7, 2013. The City did not file a reply brief.

## DISCUSSION

### I.   Standard of Review

When a plaintiff is *pro se*, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that [it] suggest[s]." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted); see Haines v. Kerner, 404 U.S. 519, 520–21 (1972). "Even in a *pro se* case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis, 618 F.3d at 170 (citation and internal quotation marks omitted). Thus, although the Court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." Id.

### A.   Subject Matter Jurisdiction

Because a court cannot act if it lacks jurisdiction, a court must decide a 12(b)(1) motion before any other motion to dismiss or a motion for judgment on the pleadings. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998); Winn v. Schafer, 499 F. Supp. 2d 390, 394 (S.D.N.Y. 2007) (citing cases); Tratt v. Retrieval Masters Creditors Bureau, Inc., 00 Civ. 4560, 2001 WL 667602, at *2 (E.D.N.Y. May 23, 2001) (discussion of subject matter jurisdiction and motion for judgment of the pleadings). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In reviewing a motion to dismiss under Rule 12(b)(1), the court "must accept as true all material factual allegations in the complaint," J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d

107, 110 (2d Cir. 2004), but "no presumptive truthfulness attaches to the complaint's

jurisdictional allegations," Figueroa v. Comm'r of Soc. Sec., 12 Civ. 7129 (LGS) (SN), 2013

WL 3481317, at *2 (S.D.N.Y. July 11, 2013) (citation and internal quotation marks omitted).

The burden is on the plaintiff to satisfy the Court as to the Court's jurisdiction to consider the

matter. Makarova, 201 F.3d at 113 ("A plaintiff asserting subject matter jurisdiction has the

burden of proving by a preponderance of the evidence that it exists."). The Court "may consider

affidavits and other materials beyond the pleadings[.]" J.S. ex rel. N.S., 386 F.3d at 110.

### B.   Failure to State a Claim Under Rule 12(b)(6)

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must take

"factual allegations [in the complaint] to be true and draw[ ] all reasonable inferences in the

plaintiff's favor." Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009). The Court's function on a

motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to

determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059,

1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has provided

"enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly,

550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should

construe the factual allegations in the light most favorable to the plaintiff, "the tenet that [the

Court] must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions." Id.

The Court may consider documents that are referenced in the complaint, that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit or matters of which judicial notice may be taken. See Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002); Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." Chambers, 282 F.3d at 153 (citation and internal quotation marks omitted).

### C.     Judgment on the Pleadings Under Rule 12(c)

A party may move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c). A Rule 12(c) motion should be granted "if, from the pleadings, the moving party is entitled to judgment as a matter of law." Dargahi v. Honda Lease Trust, 370 F. App'x 172, 174 (2d Cir. 2010) (citation and internal quotation marks omitted). A court applies the standard applicable to a Rule 12(b)(6) motion to a motion for judgment on the pleadings. Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010). While a Rule 12(b)(6) motion "is made prior to the filing of an answer to the claim for which dismissal is sought," a Rule 12(c) motion "is made after the relevant pleadings are closed." Fisher-Price, Inc. v. Kids II, Inc., 10 Civ. 0988, 2011 WL 6409665, at *6 (W.D.N.Y. Dec. 21, 2011) (report & recommendation). "The difference [between these two types of motions] is, however, merely academic. . . ." Id. (citing Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994)).

7

II.     **Subject Matter Jurisdiction**

A.      **Rooker-Feldman Doctrine**

Under the Rooker-Feldman doctrine, "only the U.S. Supreme Court – and not lower

federal courts – may review and reject state-court decisions under 28 U.S.C. § 1257." Green v.

Mattingly, 585 F.3d 97, 102-03 (2d Cir. 2009) (internal quotation marks omitted). The

Rooker-Feldman doctrine, however, is not applicable to this action and this is not a basis for

dismissal.

"'A challenge under the Rooker-Feldman doctrine is for lack of subject matter

jurisdiction.'" Phifer v. City of New York, 289 F.3d 49, 55 (2d Cir. 2002) (quoting Moccio v.

N.Y. State Office of Court Admin., 95 F.3d 195, 198 (2d Cir. 1996)). Such a challenge "may be

raised at any time by either party or *sua sponte* by the court[.]" Moccio, 95 F.3d at 198; Fed. R.

Civ. P. 12(h)(3). "[M]otions under *Rooker–Feldman* . . . are [therefore] properly brought

pursuant to Rule 12(b)(1)." In re Dayton, 786 F. Supp. 2d 809, 815 n.6 (S.D.N.Y. 2011). The

doctrine applies when the following criteria are met:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff
> must "complain[ ] of injuries caused by [a] state-court judgment[.]" Third, the
> plaintiff must "invit[e] district court review and rejection of [that] judgment[ ]."
> Fourth, the state-court judgment must have been "rendered before the district
> court proceedings commenced"—i.e., *Rooker–Feldman* has no application to
> federal-court suits proceeding in parallel with ongoing state-court litigation.

Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005) (quoting Exxon Mobil

Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 285 (2005)).

Best's amended complaint references a Family Court custody proceeding that began on

December 22, 2009. The City defendants, LSS and ESS have all indicated that the Family Court

proceeding is ongoing, and Best has brought numerous emergency petitions in this Court to

8

obtain relief from current rulings and proceedings in the Family Court. And in compliance with the Court's March 21, 2013 Order, Best has kept the Court apprised of developments in his Family Court case, including in a letter to the Court on September 4, 2013. Thus, as the Court has previously found, Best's Family Court proceeding is ongoing. See Best v. A.C.S., 12 Civ. 07874 (RJS)(SN), 2013 WL 1499381, at *2 (S.D.N.Y. Feb. 20, 2013) ("[I]t is undisputed that there is an ongoing state proceeding in Queens Family Court."), report & recommendation adopted, 2013 WL 1500444 (S.D.N.Y. Apr. 10, 2013).

The Rooker-Feldman doctrine, therefore, has no applicability to this action. The Court of Appeals for the Second Circuit has made clear that the Supreme Court, in Exxon Mobil Corp., abrogated previous Court of Appeals' decisions that applied the Rooker-Feldman doctrine to interlocutory state-court orders. See Green, 585 F.3d at 101. Because Best's Family Court proceeding is ongoing, he has not "lost" in the state court and there is no final judgment for him to challenge. See id. at 102-03 (finding that the plaintiff is not a "state-court loser" for Rooker-Feldman doctrine purposes when the Family Court, while temporarily removing child from the plaintiff's custody, ultimately returned the child to plaintiff, and that the doctrine does not apply to claims of injuries arising from interlocutory Family Court custody order). The Court therefore finds that is has subject matter jurisdiction over this action.

### B.   *Habeas Corpus* Relief

The Court does not have the jurisdiction to consider Best's *habeas corpus* claims in which he seeks the restoration of his custody of his children. The Supreme Court has held that federal *habeas corpus* jurisdiction under 28 U.S.C. § 2254 may not be invoked to challenge the constitutionality of a state child custody decision. See Lehman v. Lycoming Cnty. Children's Servs.

Agency, 458 U.S. 502, 511-12, 515-16 (1982); Middleton v. Attorneys Gen. of the States of N.Y. & P.A., 396 F.3d 207, 209 (2d Cir. 2005). Thus, to the extent that Best seeks *habeas corpus* relief, such relief should be denied due to a lack of subject matter jurisdiction.[3]

### C.   Claims on Behalf of the Children

LSS is incorrect in arguing that Best is improperly raising claims on behalf of his children *pro se.* He is raising claims on his own behalf.

The question of whether or not a plaintiff has the requisite standing to bring a lawsuit is a question of subject matter jurisdiction. See, e.g., Mahon v. Ticor Title Ins. Co., 683 F.3d 59, 62 (2d Cir. 2012). A *pro se* litigant may not raise claims on behalf of others, and only an attorney can represent minor children in a civil action. See Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause."); Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child.").

LSS argues that Best's pleadings could be construed as raising claims on behalf of his children. Best's claims, however, plainly arise from allegations of constitutional injuries to himself – the deprivation of his parental rights and his unlawful arrest – and Best seeks relief that will redress those injuries. He thus had standing to bring his claims. See Mahon, 683 F.3d at 62

---

[3] Although LSS is the only defendant to have raised as an issue the Court's subject matter jurisdiction to consider Best's request for *habeas corpus* relief, the Court has the authority to consider the matter *sua sponte* and the obligation, if it determines that subject matter jurisdiction does not exist, to dismiss the action. See Fed. R. Civ. P. 12(h)(3); Allen v. N.Y. Admin. for Children's Servs., 10 Civ. 0341, 2010 WL 2605219, at *1-2 (E.D.N.Y. June 21, 2010) (dismissing *habeas corpus* petition *sua sponte* for lack of subject matter jurisdiction under Lehman); see also Manway Constr. Co., Inc. v Hous. Auth. of the City of Harford, 711 F. 2d 501, 503 (2d Cir. 1983) ("It is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory.").

(stating that constitutional standing requires that the plaintiff suffer an actual injury, caused by the defendant, and which a favorable decision will likely redress). Best is therefore properly "plead[ing] and conduct[ing his] own case[] personally[,]" that is, *pro se*. 28 U.S.C. § 1654.

## II.   <u>Younger</u> Abstention

All of the defendants seek dismissal of Best's claims because of the abstention doctrine first articulated by the Supreme Court in <u>Younger v. Harris</u>, 401 U.S. 37 (1971). To the extent that Best seeks injunctive or declaratory relief that challenges the rulings of the ongoing Family Court proceeding, these claims should be dismissed.

The Supreme Court has affirmed "the basic principle of federalism" articulated in <u>Younger</u> that "a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment or irreparable injury that is both serious and immediate." <u>Gibson v. Berryhill</u>, 411 U.S. 564, 573–74 (1973). The Court has further explained that "[t]he policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved." <u>Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n.</u>, 457 U.S. 423, 432 (1982); <u>Parent v. New York</u>, 485 F. App'x 500, 503 (2d Cir. 2012). Therefore, "unless state law clearly bars the interposition of the constitutional claims," and "so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain." <u>Middlesex Cnty. Ethics Comm.</u>, 457 U.S. at 432, 435 (internal quotation marks and citation omitted); <u>accord</u> <u>Younger</u>, 401 U.S. at 54.

<u>Younger</u> abstention is mandatory; a federal court cannot act when "(1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding

11

affords the federal plaintiff an adequate opportunity for judicial review of his or her federal

constitutional claims." Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 100–01 (2d Cir. 2004)

(citation and internal quotation marks omitted). This doctrine is applicable, however, only to

claims for injunctive and declaratory relief, not to damages claims. See, e.g., Morpurgo v.

Incorporated Vill. of Sag Harbor, 327 F. App'x 284, 285-86 (2d Cir. 2009); see Kirschner v.

Klemons, 225 F. 3d 227, 238 (2d Cir. 2000). But the doctrine can be applied to claims for

injunctive and declaratory relief in actions where damages claims are also raised. See Morpurgo,

327 F. App'x at 286.

Here, the three conditions necessary to establish Younger abstention are plainly satisfied.

First, as discussed above, there is an ongoing proceeding involving Best in the Family Court.

Second, the proceeding involves child custody rights. Questions of family relations, especially

when issues of custody are involved, are traditionally an area of state concern. Moore v. Sims,

442 U.S. 415, 435 (1979); Grieve v. Tamerin, 269 F.3d 149, 152-53 (2d Cir. 2001) ("A state

plainly has an interest in the outcome of a child custody dispute adjudicated in its courts."). Here,

the submissions filed concerning the Family Court proceeding make clear that there are serious

allegations concerning the health and welfare of Best's children.

Third, the ongoing state proceeding affords Best adequate opportunity for judicial review

of his constitutional claims. In considering this, the "relevant question under Younger is whether

the state's procedural remedies could provide the relief sought[,] [not] . . . whether the state *will*

provide the constitutional ruling which the plaintiff seeks." Andujar v. City of New York, 11

Civ. 5466 (RJS), 2012 WL 5177515, at *5 (S.D.N.Y. Oct. 16, 2012) (quoting Spargo v. New

York State Comm'n on Judicial Conduct, 351 F.3d 65, 79 (2d Cir. 2003)) (italics in original); see

Donkor v. City of New York Human Resources Admin., 673 F. Supp. 1221, 1227 (S.D.N.Y.

1987) (Plaintiffs' "failure to avail themselves of the state courts to contest the denial of their

application for the return of their children should not give them access to federal court to obtain

injunctive relief"). Best can raise in the Family Court the constitutional issues that are the bases

for the relief he seeks here. See Hidalgo v. New York, 11 Civ. 5074, 2011 WL 5838494, at *3

(E.D.N.Y. Nov. 21, 2011) ("[T]he Family Court proceeding provides an adequate forum for

Plaintiffs to adjudicate their federal constitutional claims."); Reinhardt v. Mass. Dep't of Soc.

Servs., 715 F. Supp. 1253, 1257 (S.D.N.Y. 1989) ("Clearly, the Family Court of New York is

bound by the Federal Constitution. Thus, notions of comity and federalism compel the

assumption that the Family Court is competent to hear and thoughtfully consider the plaintiff's

constitutional challenges.").

Finally, Best has not met his burden of establishing the applicability of an exception to

the Younger abstention doctrine. See Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191,

198 (2d Cir. 2002) ("[A] plaintiff who seeks to head off Younger abstention bears the burden of

establishing that one of the exceptions applies."). In his amended complaint, Best alleges that the

Family Court's decision was arbitrary and capricious in violation of his Fourteenth Amendment

right to due process, but pleads no facts in support of his claim. This conclusory allegation is

insufficient to state a claim that the Family Court proceeding is "being conducted in bad faith or

that the challenged determinations regarding custody, visitation, and parental rights are patently

unconstitutional, or that other extraordinary circumstances exist which pose great, immediate,

and irreparable harm to [him]." Thomas v. New York City, 814 F. Supp. 1139, 1150 (E.D.N.Y.

1993). Moreover, the Court has reviewed the Family Court documents submitted in connection

with these motions and nothing suggests a state court proceeding that is patently
unconstitutional.

Because the <u>Younger</u> abstention doctrine requires the Court to refrain from issuing Best
the declaratory and injunctive relief he seeks, the Court recommends that the defendants'
motions to dismiss and/or for judgment on the pleadings be granted as to Best's claims for such
equitable relief.

## III.    Failure to Plead Claims against ESS and LSS

Both ESS and LSS argue that Best's claims against them should be dismissed because
Best has failed in the amended complaint to state plausible claims against them. As to any
remaining claims for monetary damages against ESS and LSS, the Court agrees.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a plaintiff include "a
short and plain statement of the claim [in his pleading] showing that the pleader is entitled to
relief," and Rule 8(d)(1) requires that each allegation be "simple, concise, and direct." The
Supreme Court has held that:

> a complaint must contain sufficient factual matter, accepted as true, to "state a
> claim to relief that is plausible on its face." A claim has facial plausibility when
> the plaintiff pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged.

<u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 570). This standard, commonly referred to
as the "plausibility standard," is guided by two principles. First, while district courts must accept
as true all factual allegations contained in a complaint, "[t]hreadbare recitals of the elements of a
cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> Second, when
deciding what is plausible, a district court must consider the context and "draw on its judicial
experience and common sense." <u>Id.</u> at 679.

The Second Circuit Court of Appeals has directed district courts to allow a plaintiff leave to amend his complaint if the original complaint is not in compliance with Rule 8. See, e.g., Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."); Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) ("Given our jurisprudential preference for adjudication of cases on their merits rather than on the basis of formalities, it will generally be an abuse of discretion to deny leave to amend when dismissing a nonfrivolous . . . complaint on the sole ground that it does not constitute the short and plain statement required by Rule 8."). But "[w]here a plaintiff has already been given notice of a claim's deficiencies and the opportunity to amend [his] complaint, a court may dismiss that claim with prejudice." Rother v. NYS Dep't of Corr. & Cmty. Supervision, 12 Civ. 0397, 2013 WL 4774484, at *5 (N.D.N.Y. Sept. 4, 2013) (citing Advanced Marine Techs, Inc. v. Burnham Secs., Inc., 16 F. Supp. 2d 375, 384 (S.D.N.Y. 1998)); see Grimes v. Fremont Gen. Corp., 08 Civ. 1024, 2013 WL 1187474, at *5-6 (S.D.N.Y Mar. 22, 2013) (*pro se* plaintiffs allowed to amend complaint twice not entitled to additional leave to amend when they did not comply with Rule 8). When a plaintiff does file an amended complaint, it "*completely replace*[s] the prior complaint in the action, and thus it 'renders [any prior complaint] of no legal effect.'" Steele v. Fischer, 12 Civ. 0461, 2013 WL 5175568, at *5 (W.D.N.Y. Sept. 11, 2013) (quoting Int'l Controls Corp. v. Vesco, 556 F. 2d 665, 668 (2d Cir. 1977)) (italics and second alteration in original).

Here, the Court warned Best that an amended complaint "will replace his original complaint, and therefore, he should include in his amended complaint all the information he

thinks necessary to state his claims." (March 21, 2013 Order at 1.) Despite this warning, Best's amended complaint is *less* plausible than his original and supplemental pleadings as to the claims against ESS and LSS. Indeed, it alleges nothing about these defendants other than listing their names in the caption. And although Best does discuss ESS in his original complaint and alleges facts about both ESS and LSS in his supplemental pleading, the Court cannot consider these allegations because his amended complaint replaced his original complaint and its supplement. Finally, while Best does state in his opposition papers that LSS and ESS are agents of the City of New York, this allegation does not give rise to a plausible claim against ESS or LSS, nor does it require the Court to exercise its discretion to permit the filing of a second amended complaint. Best has already been granted ample opportunity to state claims against these defendants.

Accordingly, Best's remaining claims against ESS and LSS should be dismissed because he alleges no facts about either ESS or LSS within his amended complaint. See Salahuddin, 861 F.2d at 42.

## IV.    Failure to Allege Municipal Liability Against ESS, LSS and the City

In light of Best's *pro se* status, and despite the Court's recommendation above that Best's claims against ESS and LSS should be dismissed for failure to comply with Rule 8, the Court finds that, were it to construe Best's amended complaint as a supplemental pleading under Rule 15(d) of the Federal Rules of Civil Procedure, he claims should still be dismissed on the merits. Cf. Singh v. N.Y. State Dep't of Taxation & Fin., 06 Civ. 0299, 2011 WL 3273465, at *36 (W.D.N.Y. July 28, 2011) (liberally construing *pro se* motion as a supplemental pleading), report & recommendation adopted, 865 F. Supp. 2d 344 (W.D.N.Y. Oct. 25, 2011); Bemben v. Fuji Photo Film U.S.A., Inc., 01 Civ. 8616, 2003 WL 21146709, at *1 (S.D.N.Y. May 19, 2003)

("Plaintiff is proceeding in this matter *pro se*, and should, in the first instance, be afforded every reasonable opportunity to clarify his claims. In the interest of justice, leave to supplement is therefore appropriate."). For the reasons discussed below, the Court should alternatively dismiss Best's § 1983 claims against ESS and LSS, and should also dismiss his remaining § 1983 claims against the City, for failure to allege municipal liability.

To state a claim under § 1983, a plaintiff must allege both that (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Municipalities, such as the City of New York, are "to be included among those persons to whom § 1983 applies." Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 (1978). Courts in this Circuit have determined that private foster care agencies, such as ESS and LSS, are also considered "state actors" for the purpose of § 1983 litigation. See, e.g., J.R. ex rel. Blanchard v. City of New York, 11 Civ. 0841, 2012 WL 4511442, at *5 (E.D.N.Y. Sept. 28, 2012) ("'In the case of private child care agencies, courts in this Circuit have consistently held that such institutions act under color of state law for § 1983 purposes if the organizations are authorized by New York Social Services Law to care for neglected children, at least insofar as they perform actions relevant to those duties.'") (quoting Phillips ex rel. Green v. City of New York, 453 F. Supp. 2d 690, 737 (S.D.N.Y. 2006) (collecting cases)).

A complaint brought under § 1983 alleging violations of a plaintiff's federally protected rights by a municipality, such as the City of New York, must include factual allegations suggesting the existence of an officially adopted policy or custom of the municipality that caused that plaintiff's injury and must also include allegations suggesting a direct and deliberate causal

connection between that policy or custom and the violation of that plaintiff's federally protected

rights. See Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 403-04 (1997);

Monell, 436 U.S. at 694. A municipality cannot be found liable under § 1983 solely for the acts

of its employees. Monell, 436 U.S. at 694. This rule applies equally to private institutions sued

under § 1983. Rojas v. Alexander's Dep't Store, Inc., 924 F.2d 406, 408-09 (2d Cir. 1990)

("Private employers are not liable under § 1983 for the constitutional torts of their employees

unless the plaintiff proves that action pursuant to official … *policy* of some nature caused a

constitutional tort. Although Monell dealt with municipal employers, its rationale has been

extended to private businesses.") (italics in original, citations and internal quotation marks

omitted).

　　　The City and ESS respectively argue that Best has failed to allege facts demonstrating the

existence of a policy or custom of either of these defendants that violated his federally protected

rights. The Court has liberally construed Best's original complaint, supplemental pleading and

his amended complaint. In none of these pleadings has Best alleged that there is a policy or

custom of ESS, LSS or the City that violated his federally protected rights with respect to the

removal of his children or his arrest. Best has also failed to allege that there is a direct and

deliberate causal connection between any such policy or custom and the violation of his federally

protected rights. It is recommended, therefore, that Best's remaining § 1983 damages claims

against the City be dismissed for failure to allege municipal liability.

**V.        Section 1983 Damages Claims Against the City Arising from Best's Arrest**

Notwithstanding Best's failure to allege a municipal policy or custom that resulted in a constitutional violation in connection with his arrest, the Court alternatively recommends that Best's arrest claim be dismissed as time-barred.

Best's allegations arising out of his November 18, 2008 arrest are construed to be § 1983 claims of false arrest and false imprisonment. "In New York, the tort of false arrest is synonymous with that of false imprisonment." Posr v. Doherty, 944 F.2d 91, 96 (2d Cir. 1991). "'False arrest is simply an unlawful detention or confinement brought about by means of an arrest rather than in some other way and is in all other respects synonymous with false imprisonment.'" Evans v. City of New York, 308 F. Supp. 2d 316, 329 n.8 (S.D.N.Y. 2004) (quoting Covington v. City of New York, 171 F.3d 117, 125 (2d Cir. 1999) (Glasser, J., dissenting)), aff'd, 123 F. App'x 433 (2d Cir. 2005). A constitutional claim for false arrest brought under § 1983 incorporates the elements of a false arrest claim under New York law. See Boyd v. City of New York, 336 F.3d 72, 75 (2d Cir. 2003). Under New York law, a plaintiff must show that "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." Curry v. City of Syracuse, 316 F.3d 324, 335 (2d Cir. 2003) (citation omitted, alteration in original).

Claims brought under § 1983 in New York are governed by the three-year statute of limitations period set forth in N.Y. CPLR. § 214(5). Owens v. Okure, 488 U.S. 235, 251 (1989); Patterson v. Cnty. of Oneida, 375 F.3d 206, 225 (2d Cir. 2004). A claim for false arrest and false imprisonment, in the circumstances presented here in which there were no criminal proceedings,

19

accrues when the plaintiff is released from confinement. See Wallace v. Kato, 549 U.S. 384, 389 (2007); cf. Covington, 171 F.3d 117. Best alleges that he was released from custody 21 days after his arrest, and thus on December 9, 2008. Therefore a timely claim for false arrest had to be filed by December 9, 2011. Best, however, did not commence this action until October 22, 2012.

State law is normally invoked when determining whether the limitations period for § 1983 claims should be equitably tolled. Abbas v. Dixon, 480 F.3d 636, 641 (2d Cir. 2007). Under New York law, equitable tolling "may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action." Id. at 642 (internal quotation marks omitted). Also, a demonstration of "[d]ue diligence on the part of plaintiff in bringing [an] action . . . is an essential element of equitable relief." Id. (internal quotation marks omitted, second alteration in original).

Best does not allege any facts in any of his pleadings or in his opposition to the defendants' motions that support tolling the applicable limitations period for this claim. Thus, Best's § 1983 claims arising from his November 18, 2008 arrest should be dismissed, in the alternative, as time-barred.

## VI.     Constitutional Claims Against Johnson Arising Out of the Children's Removal

The City defendants argue that Best has failed to plead facts in his amended complaint stating a constitutional claim arising out of the removal of his children under either the Fourteenth Amendment's Due Process Clause or Equal Protection Clause. Because Best has failed to allege facts demonstrating a policy or custom of the City that violated his constitutional rights, the Court need not discuss whether Best has adequately pled constitutional claims against the City arising out of his children's removal. The Court will, however, discuss such claims

against ACS caseworker Johnson. The Court determines that Best has failed to allege facts stating constitutional claims against Johnson and recommends that the City defendants' motion to dismiss such claims be granted in that respect.

A.     **Due Process Claims**

Best fails to allege facts in his amended complaint demonstrating that Johnson violated either Best's procedural or substantive Fourteenth Amendment due process rights in connection with the custody of his children. Parents have a substantive due process right to the custody of their children and, except in emergency circumstances, a procedural due process right to a pre-deprivation child custody hearing. See, e.g., Southerland v. City of New York, 680 F.3d 127, 142 (2d Cir. 2012) ("The Fourteenth Amendment imposes a requirement that except in emergency circumstances, judicial process must be accorded both parent and child before removal of the child from his or her parent's custody may be effected."), reh'g en banc denied, 681 F.3d 122 (2d Cir. 2012), cert. denied, 133 S. Ct. 980 (2013); id. ("[A] parent may . . . bring suit under a theory of violation of his or her right to substantive due process. . . . Parents have a 'substantive right under the Due Process Clause to remain together [with their children] without the coercive interference of the awesome power of the state.'") (quoting Tenenbaum, 193 F.3d at 600); Cox v. Warwick Valley Cent. Sch. Dist., 654 F.3d 267, 275 (2d Cir. 2011) ("The interest of natural parents 'in the care, custody, and management of their child' is a 'fundamental liberty interest protected by the Fourteenth Amendment.'") (quoting Santosky v. Kramer, 455 U.S. 745, 753 (1982)).

To state a claim of a violation of procedural due process, a plaintiff must allege: "(1) the existence of a property or liberty interest that was deprived and (2) deprivation of that

interest without due process." Bryant v. N.Y. State Educ. Dep't, 692 F.3d 202, 218 (2d Cir.

2012), cert. denied, 133 S. Ct. 2022 (2013). As stated above, a parent's custody of his child is a

fundamental liberty interest, and, unless there are emergency circumstances, a parent cannot be

deprived of that liberty interest without the due process afforded by a pre-deprivation custody

hearing. See Southerland, 680 F.3d at 142. The emergency circumstances under which a

government official can remove a child from a parent's custody prior to judicial review are

"'circumstances in which the child is immediately threatened with harm.'" Tenenbaum, 193 F.3d

at 594 (quoting Hurlman v. Rice, 927 F.2d 74, 80 (2d Cir. 1991). Once the child has been

removed, "the State has the duty to initiate a 'prompt' post-deprivation hearing." Kia P. v.

McIntyre, 235 F.3d 749, 760 (2d Cir. 2000) (citing Gottlieb v. Cnty. of Orange, 84 F.3d 511, 520

(2d Cir. 1996)). The Court of Appeals has held that a delay of up to four days between an

emergency child removal and a post-deprivation proceeding does not violate procedural due

process. See id. at 60-61 (finding a one or two-day delay acceptable); Cecere v. City of New

York, 967 F.2d 826, 830 (2d Cir. 1992) (finding a four-day delay acceptable).

  To state a claim of a violation of substantive due process, a plaintiff must allege that a

valid property or liberty interest was infringed upon in an arbitrary or irrational manner. 49 WB,

LLC v. Vill. of Haverstraw, 511 F. App'x 33, 34 (2d Cir. 2013); see van Emrik v. Chemung

Cnty. Dep't of Soc. Servs., 911 F.2d 863, 865 (2d Cir. 1990). As with procedural due process

claims, a parent's custody of his child is a valid liberty interest for the purpose of substantive due

process protection. See, e.g., Puma-Grippe v. City of New York, 12 Civ. 0893, 2013 WL

4069471, at *5-6 (E.D.N.Y. Aug. 13, 2013). In the context of a child's removal from the parent's

custody, a plaintiff must allege facts demonstrating that the removal of the child "was 'so

shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protection.'" Anthony v. City of New York, 339 F.3d 129, 143 (2d Cir. 2003) (quoting Tenenbaum 193 F.3d at 600).

The Second Circuit Court of Appeals "has adopted a standard governing case workers which reflects the recognized need for unusual deference in the abuse investigation context. An investigation passes constitutional muster provided simply that case workers have a 'reasonable basis' for their findings of [child] abuse." Wilkinson ex rel. Wilkinson v. Russell, 182 F.3d 89, 104 (2d Cir. 1999). This deferential standard, though ostensibly created and applied in the context of substantive due process, id. at 104-05; see Southerland, 680 F.3d at 152, has also been discussed in the procedural due process context when determining whether emergency circumstances existed requiring a child's immediate removal from the parent's custody, Puma-Grippe, 2013 WL 4069471, at *6; E.D. ex rel. V.D. v. Tuffarelli, 692 F. Supp. 2d 347, 362 (S.D.N.Y. 2010), aff'd sub nom., E.D. ex rel. Demtchenko v. Tuffarelli, 408 F. App'x 448 (2d Cir. 2011).

Best alleges in his amended complaint that he was coerced into signing a removal form on December 21, 2009, and that on December 22, 2009, the Family Court remanded custody of his children to the City and directed him to take parenting and domestic violence classes. The removal form to which he refers in his amended complaint appears to be a "Notice of Temporary Removal of Children and Right to Hearing," which he signed on December 21, 2009, consenting to the temporary removal of his children from his custody pending a prompt hearing. On December 23, 2009, after a hearing, the Family Court ordered that Best's children be temporarily removed because it was found that Best "inflicts excessive corporal punishment on the . . .

23

children and perpetrates acts of domestic violence upon the mother . . . ." (Decl. of Carolyn E. Kruk, Ex. C.)

These documents, especially the December 23, 2009 Family Court Order, indicate that there was physical abuse that necessitated that Johnson remove the children from an emergency situation. See Park v. City of New York, 99 Civ. 2981 (LBS), 2003 WL 133232, at *12 (S.D.N.Y. Jan. 16, 2003) (determining that the emergency removal of children from parents' custody without a pre-deprivation hearing did not violate right to procedural due process because of evidence of the physical abuse of one child and of another child being left home alone; removal's reasonableness ratified by subsequent Family Court order); Taylor v. Evans, 72 F. Supp. 2d 298, 306-07 (S.D.N.Y. 1999) (determining that the emergency removal of children from parent's custody without a pre-deprivation hearing did not violate right to procedural due process because of evidence of the physical abuse of one of the children; removal's reasonableness ratified by subsequent Family Court order); see also Velez v. Bell, 02 Civ. 8315 (JGK), 2006 WL 1738076, at *5 (S.D.N.Y. June 22, 2006) (in the context of a motion for a judgment as a matter of law, holding that a jury could determine that domestic violence and drug abuse constituted "an emergency threat to the children's health and safety"); cf. Wilkinson, 182 F.3d at 106 ("[C]ourts must apply the 'reasonable basis' test to permit investigators considerable discretion in the abuse context.").

No later than December 23, 2009, two days after the removal, Best was provided with a post-deprivation proceeding before the Family Court. As discussed, that amount of time between an emergency child removal and a post-deprivation proceeding has been held not to violate

procedural due process. Thus, Best has failed to state a procedural due process violation arising out of the removal of his children.

In addition, given the facts alleged and those documents incorporated by reference in the amended complaint on which the Court may rely, Best fails to state a substantive due process claim. A parent's physical abuse of his children is an objectively reasonable basis to remove them from that parent's custody. Here, that basis was ratified by the Family Court's December 23, 2009 Order in which that court found that Best had used excessive corporal punishment on the children. In light of the Family Court's findings in its December 23, 2009 order and the deference owed to caseworkers making child removal decisions, the Court finds that Best has failed to allege any facts suggesting that Johnson's actions were "so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protection." <u>Anthony</u>, 339 F.3d at 143 (internal quotation marks omitted). Best thus also fails to state a substantive due process violation arising from the removal of his children.

The City defendants' motion to dismiss Best's due process claims against Johnson, therefore, should be granted.

### B.    Equal Protection Claim

As to Best's cursory allegation in his amended complaint that his right to equal protection under the law has been violated, he has failed to allege any facts demonstrating that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." <u>Vill. of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000). Best

therefore fails to state an equal protection claim, and the City defendants' motion to dismiss as to that claim should be granted.[4]

## VII.   Request to Dismiss

On November 14, 2013, Best filed a "Proposal to Dismiss" in light of what he reports to be a representation by an LSS official that he could regain custody of his children upon dismissal of this action. If Best wishes to dismiss this action with prejudice, he is directed to file a signed stipulation of dismissal within the objections period of this Report and Recommendation.

### CONCLUSION

For the foregoing reasons, I recommend the following as to the defendants' pending motions (Doc. Nos. 56, 60 and 86):

(1)     that with respect to LSS's motion to dismiss and/or for judgment on the pleadings,

      (a)     that portion based on the Rooker-Feldman doctrine be DENIED;

      (b)     that portion as to Best's claims for *habeas corpus* relief be GRANTED; and

      (c)     that portion as to Best's claims allegedly brought on behalf of his children be DENIED;

(2)     that all of the defendants' motions to dismiss and/or for judgment on the pleadings be GRANTED pursuant to the Younger abstention doctrine to the extent that Best seeks injunctive and/or declaratory relief as to his ongoing Family Court proceedings; and

(3)     that all of the defendants' motions to dismiss and/or for judgment on the pleadings as to Best's remaining damages claims against these defendants be GRANTED.

I further recommend that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from its order would not be taken in good faith and, therefore, that *in forma pauperis* status be denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

---

[4] Because the Court has determined that Johnson has not violated Best's constitutional rights, the Court need not decide whether she is entitled to qualified immunity. See Graham v. City of New York, 869 F. Supp. 2d 337, 349 (E.D.N.Y. 2012).

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS
## TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ .P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2) (C), (D), (E), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Richard J. Sullivan at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Sullivan. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

**SO ORDERED.**

Dated: New York, New York
        November 21, 2013

SARAH NETBURN
United States Magistrate Judge

27