UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDS SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FIL┊ ┊                │
│ DOC #: _____             │
│ DATE FILED: _1-15-14_                │
└─────────────────────────────────────┘
```

BISHOP FRANK BEST,

                    Plaintiff,

   -v-

CITY OF NEW YORK et al.,

                    Defendants.

No. 12 Civ. 7874 (RJS) (SN)
ORDER ADOPTING REPORT AND
RECOMMENDATION

RICHARD J. SULLIVAN, District Judge:

      Plaintiff, proceeding *pro se*, filed this action alleging that his children were improperly removed from his custody by the New York City Administration for Children's Services ("ACS") and that his arrest by the New York City Police Department ("NYPD") was illegal. There are four defendants to the action: the City of New York ("the City"); Teresa Johnson ("Johnson"), an ACS employee; and two private foster care agencies that presumably housed Plaintiff's children – Lutheran Social Services ("LSS") and Episcopal Social Services ("ESS") (together, "Defendants"). Before the Court are motions by all Defendants to dismiss Plaintiff's Amended Complaint ("Am. Compl."). The Honorable Sarah Netburn, Magistrate Judge, issued a "Report and Recommendation" ("Report" or "Rep.") recommending that Defendants' motions to dismiss be granted. Plaintiff filed an objection to the Report. For the reasons set forth below, the Court adopts the Report in its entirety and dismisses this action with prejudice.

Background

      Plaintiff initiated this action on October 22, 2012, alleging that his children were improperly removed from his custody and requesting their return. (Doc. No. 2.) On January 25, 2013, this matter was referred to Magistrate Judge Netburn for general pretrial supervision and

dispositive motions requiring a report and recommendation. (Doc. No. 14.) After the defendants had answered the Complaint, the Court granted Plaintiff leave to file an amended complaint. (Doc. No. 46.) On April 5, 2013, Plaintiff filed an amended complaint that named the City, ACS, the NYPD, LSS, and ESS as defendants. (Doc. No. 49.) Judge Netburn found that this filing was more appropriately construed as a supplemental pleading and ordered that it be considered as such. (Doc. No. 50.) On May 3, 2013, the City filed a motion to dismiss on behalf of itself and Johnson (Doc. No. 52); both ESS (Doc. No. 56) and LSS (Doc. No. 60) also filed a motion to dismiss on that date. Defendants offered numerous grounds for dismissing the claims against them, including, *inter alia*, the *Rooker-Feldman* doctrine, *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), the *Younger* abstention doctrine, *see Younger v. Harris*, 401 U.S. 37 (1971), Plaintiff's lack of standing to bring claims on behalf of his children pursuant to *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) (holding "that a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child"), and Rules 8 and 12(c) of the Federal Rules of Civil Procedure. (*See* Doc. Nos. 53, 59, 71.)

On May 15, 2013, Plaintiff once again filed an Amended Complaint, which named ACS, the NYPD, LSS, ESS, and Johnson as defendants. (Doc. No. 66.) On May 22, 2013, the Court *sua sponte* dismissed Plaintiff's claims against ACS and the NYPD, directing that the City be substituted for those Defendants. (Doc. No. 68.) On May 24, 2013, Plaintiff filed an "Answer to Motion," which can be construed as his opposition to Defendants' May 3 motions to dismiss. (Doc. No. 69.) LSS filed its reply brief on June 17, 2013 (Doc. No. 77) and ESS did the same on June 18, 2013 (Doc. No. 79). The City, however, chose to take the Court up on its offer to re-file its motion to dismiss after Plaintiff filed his Amended Complaint on May 15. (*See* Doc. No. 72.)

2

Thus, the City filed its motion to dismiss on July 3, 2013 (Doc. No. 86) and Plaintiff filed his opposition on August 7, 2013 (Doc. No. 90). The City did not file a reply brief.

On November 14, 2013, Plaintiff sent a letter to the Court stating that, in light of a discussion in which LSS told him that he could not have his children back until this case was resolved, Plaintiff wished to dismiss his claims against LSS and the City. (Doc. No. 104.) No stipulation of dismissal followed. On November 21, 2013, Judge Netburn issued her Report concerning the three motions to dismiss. (Doc. No. 105.) While the Report did not find all the grounds for dismissing Plaintiff's claims that were put forth by Defendants to be persuasive, Judge Netburn nonetheless recommended that all of Plaintiff's claims be dismissed. (*Id.*) The Report also notified the parties of the procedures and deadlines for filing any objections to the Report. (*Id.* at 27.) With respect to Plaintiff's November 14 letter stating his intention to dismiss the case, Judge Netburn directed Plaintiff to file a signed stipulation of dismissal within the objection period if he wished to dismiss the action with prejudice. (*Id.* at 26.)

On December 3, 2013, Plaintiff requested an extension of the deadline to file objections so that he could find a lawyer. (Doc. No. 106.) In an Order dated December 5, 2013, noting that this litigation was initiated over one year ago, the Court extended the deadline from December 9 to December 20, 2013. (Doc. No. 107.) On December 17, 2013, Plaintiff sent another letter to the Court again requesting "more time" and asking the Court to appoint him *pro bono* counsel – which Plaintiff noted he has requested three times before. (Doc. No. 108.) On December 20, 2013, Plaintiff filed an "Objections to Report & Recommendation" form.[1] (Doc. No. 109.) In the one-page form, Plaintiff asked that his case not be dismissed and repeated the same

---

[1] Since the Court did not issue a formal order in response to Plaintiff's December 17 request, the Court effectively denied Plaintiff's requests for an additional extension of time and for the appointment of *pro bono* counsel. Moreover, since Plaintiff filed his objections on December 20, his request for an extension of time is now moot. As for Plaintiff's request for counsel, that request – which the Court has denied multiple times previously (*see* Doc. Nos. 10, 44, 48, 76, 78) – is also denied as moot, as this Order concludes Plaintiff's case.

contentions asserted in his prior filings, including that his children were wrongfully taken from him, that he was wrongfully put in jail, and that "he can take care of them better and safer without injury." (*Id.*)  The remaining 151 pages of Plaintiff's objections consist of copies of previous filings in this case.[2]  (*Id.*)

Discussion

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. *See* Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989).  A court may accept those portions of a magistrate judge's report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (citing Fed. R. Civ. P. 72(b) and *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).  A magistrate judge's decision is "clearly erroneous" only if the district court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

To the extent that a party raises specific objections to a magistrate judge's findings, the Court must undertake *de novo* review of such objections. *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  However, where a party's objections to

---

[2] During this litigation, Plaintiff has also made several motions for preliminary injunctive relief.  His first motion requested that he be granted weekend visitation rights; however, the Court denied this motion due to Plaintiff's inability to establish any exception to the *Younger* abstention doctrine, *see Younger v. Harris*, 401 U.S. 37 (1971), given that Plaintiff was pursuing the same relief in Queens Family Court. (Doc. No. 51.)  On June 6, 2013, Plaintiff filed another such request but provided no new information; thus, the Court similarly denied this application in an Order dated July 1, 2013. (Doc. No. 80.)  On October 24, 2013, Plaintiff filed another similar request. (Doc. No. 102.)  On October 29, 2013, Judge Netburn issued a Report and Recommendation recommending that Plaintiff's request be denied for the same reasons set forth in the Court's earlier decisions on this topic. (Doc. No. 103.)  For the same reasons set forth in the Court's prior orders denying Plaintiff's requests for a preliminary injunction or other such relief, and finding no clear error in Judge Netburn's October 29 Report, the Court also adopts her recommendation and denies Plaintiff's October 24 motion.  Since Plaintiff's request appears on ECF as a letter (Doc. No. 102), there is no motion for the Clerk of the Court to terminate now that the Court has adopted the October 29 Report denying Plaintiff's requested relief.

a report and recommendation are "conclusory or general," or "simply reiterate[] [the party's] original arguments," the report should be reviewed only for clear error. *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (quoting *Barratt v. Joie,* No. 96 Civ. 0324 (LTS) (THK), 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)); *accord Cartagena v. Connelly*, No. 06 Civ. 2047 (LTS) (GWG), 2008 WL 2169659, at *1 (S.D.N.Y. May 23, 2008).

Plaintiff's objections to the Report, filed on December 20, 2013, are not specific, non-conclusory, or novel. The submission neither specifically mentions Judge Netburn's Report nor references the analysis in the Report; rather, Plaintiff simply restates many of the same claims that permeate his previous submissions in this litigation. Therefore, the Court reviews the Report's recommendation for clear error. After reviewing the record, the Court finds that Judge Netburn's well-reasoned Report is not facially erroneous. Accordingly, the Court adopts the Report in its entirety and, for the reasons set forth therein, Plaintiff's claims against all Defendants are dismissed.

The Court also dismisses Plaintiff's claims with prejudice. Plaintiff has already amended his pleadings twice before and repeatedly listed ACS and the NYPD as defendants, even after the Court corrected this error. (*See* Doc. Nos. 6, 68.) Moreover, the Court cannot say that Plaintiff's pleadings have improved with each iteration; indeed, quite the opposite is true. (*See* Report at 16 ("Best's amended complaint is *less* plausible than his original and supplemental pleadings as to the claims against ESS and LSS.").) Thus, Plaintiff has been given ample opportunity to amend his pleadings and the Court can only afford him so many bites at the apple. *See Grimes v. Fremont Gen. Corp.*, 933 F. Supp. 2d 584, 596–97 (S.D.N.Y. 2013) (dismissing case with prejudice where *pro se* plaintiff already had two opportunities to amend his complaint and the most recent effort "represents a significant step in the wrong direction", making any further opportunity to amend futile); *see also Dyson v. New York Health Care, Inc.*, 353 F. App'x 502,

503 (2d Cir. 2009) (holding that "the district court did not abuse its discretion by dismissing [plaintiff's] third amended complaint with prejudice" where plaintiff ignored the court's instructions to plead sufficient facts to state a plausible claim). Accordingly, the Court dismisses Plaintiff's claims against Defendants with prejudice.

<u>Conclusion</u>

For the reasons stated above, IT IS HEREBY ORDERED THAT Judge Netburn's Report is adopted in its entirety and Plaintiff's amended complaint is dismissed with prejudice. Accordingly, the Clerk of the Court is respectfully requested to terminate the motions at Doc. Nos. 56, 60, and 86, and to close the case.

The Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:             January 15, 2014
                  New York, New York

                                          _____
                                          RICHARD J. SULLIVAN
                                          UNITED STATES DISTRICT JUDGE

6

CC:    Bishop Frank Best
       131-19 Farmers Blvd.
       Queens, NY  11434